**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-FLINT**

In re:

MICHELE MARIA BOREN,

Debtor.
_____________________________________/

Case No. 25-32362-jda
Hon. Joel D. Applebaum
Chapter 7

STEVEN Z. COHEN,

Plaintiff,

v.

Adv. Pro. 26-3006

MICHELE MARIA BOREN,

Defendant.
_____________________________________/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY, FOR SANCTIONS AGAINST DEFENDANT, AND TO MODIFY SCHEDULING ORDER**

This adversary proceeding has been plagued by Defendant's and/or Defendant's counsel's delays, defaults, and broken promises to produce responses and documents as detailed in the chronology provided in Plaintiff's Renewed Motion to Compel (Dkt. No. 30, Ex. 6-7). For the purposes of this Opinion and Order, the Court is focused on those delays and/or defaults that violated specific Federal Rules of Bankruptcy Procedure (incorporating Federal Rules of Civil Procedure) and/or Orders of this Court:

A. Defendant failed to participate in preparation of the Rule 26(f) Report (Dkt. No. 9). Defendant's subsequent Motion for Reconsideration was denied, and the Court cautioned Defendant's counsel regarding *ad hominin* attacks (Dkt. No. 14);

B. Defendant failed to comply with the Court's Adversary Proceeding Scheduling Order incorporating the deadlines set forth in the Rule 26(f) Report (Dkt. No. 10) causing Plaintiff to file his First Motion to Compel Entry of Protective Order and Overdue Initial Disclosures (Dkt. No. 16);

C. Defendant failed to answer interrogatories and serve discovery, violating the deadlines set forth in Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A), causing Plaintiff to file a Motion to Compel Overdue Answers and Responses (Dkt. No. 21);

D. Defendant failed to answer the interrogatories or to produce documents by the October 12, 2026 deadline set forth in the Court's September 16, 2026 Order. Defendant's failure led Plaintiff to file a Renewed Motion to Compel Discovery, for Sanctions and to Modify Scheduling Order (Dkt. No. 30). Although the September 16, 2026 order provided Defendant with the opportunity to reply/respond to Plaintiff's Renewed Motion, Defendant did not file any reply or response by the October 26th deadline set by the Court.

A status conference and hearing on Plaintiff's Renewed Motion to Compel was held on October 28, 2026 at 11:00 a.m. (ET). Prior to this hearing, the Court held a hearing on Plaintiff's July 24, 2026 Motion to Compel Protective Order and Initial Disclosures back on September 16, 2026. By the time of the September 16th hearing, Defendant provided her initial disclosures as an attachment to Defendant's August 7, 2026 Response to Plaintiff's Motion to Compel (Dkt. No. 17), alleging for the first time that Defendant's counsel had previously served Defendant's initial

disclosures and a first request for production of documents by first-class mail on July 6, 2026, thereby mooting at least part of the relief sought in Plaintiff's motion. At the conclusion of that hearing, the Court ruled on the record that Defendant is limited as to witnesses and exhibits to the content of her Initial Disclosures: (1) Defendant listed herself and the Plaintiff as the only individuals with discoverable information; and (2) Defendant identified only those documents which may be used to support its claims to the "plethora of documents" Defendant has already provided to Plaintiff. With respect to the requested protective order, by this time, the parties had also approved the form of a protective order, although the protective order was not entered until October 9, 2026 due to Defendant's counsel's failure to act (Dkt. No. 30, Ex. 6-6).

Notwithstanding Plaintiff's entitlement to discovery sanctions, Plaintiff's counsel indicated at the September 16, 2026 hearing that he was choosing not to pursue his request for fees and costs, ostensibly as a gesture of good faith towards Defendant and Defendant's counsel. Plaintiff maintained, however, that he believed that the facts of this case supported his entitlement to those fees and costs and that, in marked contrast to the representations of Defendant's counsel, Defendant's initial disclosures were never served upon Plaintiff and Plaintiff's counsel stands by the assertions in Plaintiff's Reply and the affidavits attached thereto.

Having addressed the concerns of Plaintiff's July 24, 2026 motion, the Court then addressed the Plaintiff's September 10, 2024 Motion To Compel Defendant's Answers To Interrogatories And Production Of Documents, entering an Order requiring Defendant to "file her answers to Plaintiff's First Set of Interrogatories and Requests for Production ('Discovery') dated July 10, 2026 on or before October 12, 2026." (Dkt. No. 24). The Court's Order also authorized Plaintiff to submit supplemental briefing on the sufficiency of Defendant's responses, set Defendant's reply deadline for October 26, 2026 and set the matter for hearing on October 28, 2026.

Defendant did not timely comply with the Court's September 16, 2026 Order requiring responses to the interrogatories and production of documents by October 12, 2026. While Defendant did file late responses to interrogatories on October 13, 2026 at 12:41 a.m. (Dkt. No. 29), Defendant did not produce any documents in response to Plaintiff's request, nor did Defendant's counsel file any written objections to their production, notwithstanding that he claimed he was in possession of all or most of those documents.

As a result, Defendant has now failed to satisfy her discovery obligations at four separate points: (i) her Rule 26(a)(1) disclosures; (ii) the August 9, 2026 deadline for written discovery responses; (iii) her August 28, 2026 agreement to cure; and (iv) the October 12, 2026 deadline fixed by Court Order (Dkt. No. 30, Ex.

6-7). Twice Plaintiff has been forced into motion practice to obtain basic discovery in addition to Plaintiff's myriad attempts to cajole compliance informally as explained in Plaintiff's detailed chronology (Dkt. No. 30, Ex. 6-7), and now an evidentiary hearing is scheduled in connection with Defendant's late night data dump in the early morning hours of October 28, 2026. Consequently, Plaintiff has renewed his request for sanctions and attorney's fees for Defendant's and Defendant's counsel's past failures to comply resulting in Plaintiff's previous Motion to Compel and has requested an evidentiary hearing on whether Defendant's initial disclosures were, in fact, served on July 6, 2026 and the authenticity, among other issues, of documents produced in the early morning hours of October 28, 2026. The Court is similarly concerned about the veracity of Defendant's counsel's representations concerning the preparation and service of Defendant's initial disclosures and First Request for Production of Document made in Defendant's Response at Dkt. No. 17.

## ORDER

Accordingly, in light of the above,

IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED as follows:

1. As the Court indicated on the record at the September 16, 2026 hearing, Defendant's witnesses are limited to those that were listed on her Initial Disclosures: herself and Plaintiff. Despite this Court's September 16, 2026 ruling limiting Defendant's evidence to the "plethora of documents

Defendant has already provided to Plaintiff," the lack of specificity and the likelihood that the parties will dispute what this "plethora" included, this Court will allow Defendant to use *only* those documents produced on October 28th and any additional documents produced no later than **November 9, 2026**, subject to the Federal Rules of Evidence and any objections by Plaintiff.

2. Because Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for Production were filed late, were insufficient, and not in compliance with this Court's September 16, 2026 Order (Dkt. No. 24), Defendant's untimely objections are deemed waived and are overruled.

3. **No later than November 9, 2026**, Defendant shall:

   a. Serve complete supplemental answers to Plaintiff's First Set of Interrogatories, under oath and without objection, including the complete account numbers responsive to Interrogatory No. 7, subject to the Protective Order;

   b. To the extent not provided in connection with the documents produced in the early morning hours of October 28, 2026, serve complete responses to Plaintiff's First Set of Requests for Production, without objection;

   c. To the extent not done in connection with the documents produced in the early morning hours of October 28, 2026, Bates-number and label all responsive documents to correspond with the numbered requests, together with a schedule matching production categories P-1 through P-15 cited in Dkt. No. 29 to the documents produced and corresponding discovery requests;

   d. Serve a privilege log complying with Fed. R. Civ. P. 26(b)(5)(A); and

   e. Serve a sworn statement identifying each category of records Defendant claims not to possess, whether she previously possessed or controlled them, when and where they were last

located, who may now possess them, whether they were destroyed, and what efforts she made to locate or obtain them.

4. No later that **November 20, 2026**, Plaintiff may file a supplement to his Renewed Motion (Dkt. No. 30), seeking documents that should have been provided but were not included with the documents produced in the early morning hours of October 28, 2026 or on November 9, 2026. To the extent Plaintiff has concerns regarding the authenticity of any documents produced, Plaintiff may also request such documents be produced as provided in paragraphs 8(a)-(c) below.

5. Defendant shall be precluded from utilizing at any hearing, trial, or in support of any motion any document she fails to produce by the **November 9, 2026** deadline**.**

6. Plaintiff is awarded his reasonable expenses and attorney fees incurred in bringing this Motion (Dkt. No. 21) and the Renewed Motion (Dkt. No. 30) (as may be supplemented if Defendant fails to fully comply with the Court's November 9, 2026 deadline) against Defendant and her counsel, jointly and severally, under Fed. R. Civ. P. 37, in an amount to be determined upon Plaintiff's submission of an itemized bill.

   Plaintiff has until **November 20, 2026** to submit an itemization of his fees and expenses with respect to the two Motions (and any additional supplement). Defendant has until **November 25, 2026** to object to any of the time entries. Objections will be heard at the evidentiary hearing scheduled in paragraph 7 below. This Court cautions Defendant against making frivolous objections.

7. The Court adopts Plaintiff's suggested modifications to the Court's Adversary Proceeding Scheduling Order (Dkt. No. 10) and the Adversary Proceeding Scheduling Order is hereby modified as follows:

| Event | Initial Date | Prior Amended | **Revised Amended** |
|---|---|---|---|
| Joinder of additional parties | July 15, 2026 | November 30, 2026 | **March 1, 2027** |
| Amendment of pleadings | August 1, 2026 | December 15, 2026 | **March 15, 2027** |
| Plaintiff's expert reports | October 16, 2026 | January 15, 2027 | **April 15, 2027** |

| | | | |
|---|---|---|---|
| Defendant's expert reports | November 13, 2026 | February 12, 2027 | **May 12, 2027** |
| Supplementation under Rule 26(e) | November 9, 2026 | February 12, 2027 | **May 12, 2027** |
| Discovery completion | December 15, 2026 | March 15, 2027 | **June 15, 2027** |
| Dispositive motions to be filed by | January 29, 2027 | May 10, 2027 | **August 10, 2027** |
| Final Pretrial Conference | February 17, 2027 | May 19, 2027 | **August 18, 2027 at 11 am** |
| Ready for trial | March 15, 2027 | June 15, 2027 | **September 15, 2027** |

8. **An in-person evidentiary hearing will be held on December 14, 2026 at 10 a.m.** concerning (i) Defendant's discovery noncompliance, (ii) whether further sanctions should issue under Fed. R. Civ. P. 37 and 11 U.S.C. § 105(a) with respect to the claims of Defendant's Counsel made in his August 7, 2026 Response (Dkt. No. 17) that he served Plaintiff with Defendant's initial disclosures on July 6, 2026, and (iii) the authenticity of documents produced by Defendant's counsel in the early morning hours of October 28, 2026.

   At this in-person evidentiary hearing, Stuart Sandweiss shall testify under oath regarding the Initial Disclosures filed in this case and the preparation and timing of the service of those documents. If other witnesses are required by either Plaintiff or Defendant, the party seeking additional witnesses shall file an Additional Witness List no later than **November 20, 2026**.

9. No later than **December 7, 2026**, Defendant's counsel shall deliver to the Court, with a copy to Plaintiff's counsel, the following:

   (a) The original native word-processing Initial Disclosures file from which the PDF was created, such as the Microsoft Word, WordPerfect, Pages, or other original source file.

   (b) All versions of the Initial Disclosures document in all locations where it was placed or copied. In other words, if multiple people worked on this document, Defendant shall produce to the Court every copy of the document in every location it was saved.

(c) If the native file for the Initial Disclosures is no longer available, an affidavit under oath explaining in detail when it was deleted, overwritten, converted, or otherwise disposed of, and whether any earlier versions, backups, or other copies of the file exist. If any earlier versions, backups, or other copies of the file exist, they shall be produced in the form indicated in 9(a) above.

10. **Failure to comply with this Order or the production of the documents in the form required herein will result in additional sanctions under Fed. R. Civ. P. 37(b)(2)(A). Such sanctions may include further evidentiary sanctions, an Order deeming certain facts as established, and/or the entry of** a **default judgment against Defendant**.

IT IS SO ORDERED.

**Signed on October 29, 2026**

**/s/ Joel D. Applebaum**

**Joel D. Applebaum**
**United States Bankruptcy Judge**